(41 South. 326.)

No. 15,902.

GASPARD et al. v. COCO.

(May 21, 1906.)

1. GUARDIAN AND WARD—ACCOUNTING—MATTERS INVOLVED IN APPELLANT'S COMPLAINT.

In the matter of the settlement of the succession, the court of first instance, considered dealings between the tutrix administering while in office, and excluded the personal accounts between the parties after their majority as not connected with the settlement of the succession, nor with the settlement of the account of the tutrix. Tutorship of Crane, et al., 17 South. 431, 47 La. Ann. 896. As the settlement is sufficiently complicated without considering those items they will not be considered in the appeal. If anything be due to the tutrix she can deduct it in settling balances with her wards.

**2. SAME—TAXES PAID BY TUTRIX.**

In settling accounts between the tutrix and one of her wards, taxes, though due her were not added to the indebtedness of the ward. It was considered that she was paid these taxes in the settlement as made. The tutrix was allowed for maintenance of the minors which was fixed by keeping account of taxes and deducting them.

**3. SAME—EVIDENCE.**

The weight of the testimony did not sustain the claim for note donated by the late husband and not paid by the tutrix as averred.

**4. SAME—RIGHTS OF USUFRUCTUARY.**

The usufructuary is entitled to fruits and revenues from day to day. As much of the rental as had been earned at the date that the succession was opened was due to the succession.

**5. SAME—SUPPORT OF CHILDREN.**

Appellee's claims, set forth in answer to appeal. The mother did not waive her claim for maintenance. The succession was small as to assets. The mother had by her own personal exertions provided for the children. The court considered that she was entitled to a limited amount for their support after she had lost the usufruct of the property.

**6. SAME—CHARGES AGAINST USUFRUCTUARIES.**

Usufructuaries must bear the expense of repairs, but not of new building necessary, which enhanced the value of the property, and which because of this enhancement enabled the tutrix to collect rents for which she accounted to her wards.

**7. SAME—EVIDENCE.**

The tutrix supported her charges by proof to the extent allowed.

**8. SAME.**

The court holds that as amended the judgment was substantially correct.

(Syllabus by the Court.)

Appeal from Fourteenth Judicial District Court, Parish of Avoyelles; Gregory Horatio Couvillon, Judge.

Final accounting of Mrs. Rebecca Coco as natural tutrix of her children, in which Joseph B. Gaspard and others filed an opposition. From the judgment rendered, the tutrix appeals. Affirmed.

Coco & Couvillon, for appellant. Tucker Horatio Couvillon, for appellees.

BREAUX, C. J. Mrs. Rebecca Gaspard, widow of Gerand J. Gaspard, now the wife of S. L. Coco, natural tutrix of the children of her first marriage, rendered the final account to the children of her first marriage. The children oppose the account.

The undisputed facts are that the father of opponents, husband of the accountant, died on the 4th of June, 1882. An inventory was taken of his estate, and his widow as natural tutrix of the children assumed the administration of his succession. About two years afterward she became the wife of S. L. Coco.

The children are Corinne, the eldest daughter who reached her majority on March 4, 1894; Joseph, who reached his majority on December 4, 1900; and Irene, on September 4, 1902.

The last two were emancipated, and thereby relieved from the disability of minority.

On the final account as homologated Joseph B. Gaspard is the creditor of his mother and tutrix in the sum of $344.12, and Corinne and Irene, respectively, in the sum of $294.12.

From this judgment the tutrix appeals. On appeal the heirs and opponents filed an answer and asked for an amendment of the judgment rendered by the district court to the extent that it allows certain items consisting of a claim of E. B. Coco for $300; another, Payne, Kennedy & Co. for $200; and another of A. B. Coco for $23.70.

The opponents also oppose an amount of $300, which their mother claims to have paid for building a house on one of the tracts of land belonging to the community. The opponents admit that the assets as fixed by the judgment of the district court, homologating the account, are correct. They also admit that the annual revenues were absorbed by their expenses while minors during the years that they were at school.

We will in the first place take up appellant's complaints for decision; that is, the disputed claims of appellant. Substantially, they are that the judge a quo erred in refusing the claim she made for the maintenance of her children after they had reached

their majority; and that he also erred in not allowing for improvements and repairs on their property after they had reached their majority; and that he also erred in not allowing the amount for taxes paid. She also complains because a claim of $200, which she asserts she paid to the mother of her late husband has not been allowed.

With reference to the amount which the tutrix claims after the heirs had become of age, the judge of the district court thought that it would facilitate the settlement not to consider them and limited his judgment to items of a date prior to the expiration of the mother's trust as tutrix.

It follows that the judgment before us for review relates only to claims arising before the majority of the heirs. Those arising after the majority, not having been considered by the district judge, we think may as well remain for future settlement. The issues are already sufficiently complicated and involved. They should not be brought into a settlement of claims exclusively between tutrix and heirs.

There is authority to maintain this ruling. Tutorship of Crane, 47 La. Ann. 906, 17 South. 431.

There are balances coming to the minors according to the present account. It will be easy enough when the tutrix settles with them to deduct the sums for which they became indebted to her subsequent to their majority, if they became indebted for any amount, after attaining their majority.

The next objection of the tutrix to the judgment amending her account is that the sum of $650, which she collected as rental on land in the year 1882, should not have been reduced by seven-twelfths; she claimed as usufructuary she was entitled to the whole of the $650. Her husband died in the year 1882 on the 4th of June. Five months of the year have elapsed, the succession was entitled to five-twelfths as that proportion of the rent had accrued although it

was not collectible at that date. Her contention is, as before stated, that she was entitled to the whole amount; the rental of the whole year, by reason of the fact that the lease was for one year and the rental was not due and not collectible at the beginning of the usufruct in June; it was due at the end of the year; that the obligation cannot be divided.

We cannot agree with that view. The usufructuary was entitled to the rent from the day the usufruct begins. The rent was due day by day. Civ. Code art. 547.

We are brought to the charges for board and lodging, education and incidental expenses of the heirs after the second marriage, and after the mother lost her usufruct on account of her second marriage.

This claim has given us some concern. In Succession of Boyer, 36 La. Ann. 509, an apparently different view is expressed. There is this difference, that Dr. Boyer could easily afford, as he did to expend a considerable sum for the happiness and comfort of his daughter. He derived a large revenue from his practice as a physician, and everything went to prove that he always waived and abandoned any claim for maintenance.

In our case we have seen that the situation is entirely different. We think it is just that the mother should receive some compensation under the circumstances.

The mother continued in her tutorship after she had lost the usufruct of the community property and collected about $100 rental a year for each of the three opponents. They claim the whole of this rental, except the amount expended by the mother for their schooling during a comparatively short time. Under the circumstances the mother and tutrix was entitled to something by way of remuneration for providing her children of the first bed, after she had lost the usufruct of the property, with sustenance and raiment. True, the amount so allowed, the interest of the heirs not being large, should be small.

Nonetheless, the mother should not be entirely cut off from all compensation. Surely the small rental before mentioned was scant enough for her trouble and work.

We are informed by brief and by the testimony that the mother has a large family; children of two marriages.

She is economical, and by her industry—even herself cooking part of the time—she has managed to support her children, to rear them carefully, and obtain for them an education above the ordinary. They were sent off to school. Two of the daughters are teachers. A son was a traveling clerk.

In Hebert v. Hebert, Man. Unrep. Cas., 214, a claim very similar to the one here was maintained.

The opponents seek to reduce, if not entirely defeat, this claim by testimony of services rendered to the mother and tutrix.

We cannot allow that claim. The children are not entitled to anything for the limited services they may have rendered to the mother.

The mother may not be entitled to as much as she claims for the sustenance of the children. She does not recover as much as she claimed because the revenues are less by quite an amount.

In order to minimize to some extent the claim of the tutrix for sustenance, the judge of the district court did not allow the small amount paid by her for taxes due by the minors. It was just and proper to deduct the amount in order to bring the mother's claim within an entirely reasonable limit.

To bring this branch of the case into a concrete shape we rule: the mother owes rents. She is allowed for maintenance and taxes. Maintenance and taxes together are a set-off for rental. The annual rentals are, say $120 for each heir. Taxes are $202, divided in 3, equals $67.33⅓. Maintenance $100 a year each which is fair enough taken as a whole.

We have considered all the complaints of appellant, and without dwelling upon them any further, we leave the subject of her complaints, confident that she obtained about all to which she was entitled.

We pass to the grounds urged by the opponents in their answer to the appeal (the disputed points as to the opponents); the first of which is that an amount of $300, which had been due to E. B. Coco at the time of the death of the first husband of the tutrix, but which was paid by her after his death, should not have been allowed. We are informed by the testimony that it was an amount which her late husband had borrowed from her brother.

Properly enough opponents disclaim all intention of questioning the good faith of their mother. Their contention is that after these many years have elapsed her memory is not entirely accurate.

We will not reduce this amount. The mother testified that she held a voucher for it, which she lost.

The claim is somewhat persistent; it was mentioned in another account for a smaller sum, but in this account it is put down for the amount before stated. If the mother is entitled to any amount at all, she is entitled to the whole of it. She always claimed the amount as due. Her statement in regard to it leads us to believe that it is true that she is a creditor for a sum which she paid after the death of her first husband. She is corroborated in some respects.

There is another amount which is identified by reference to the firm of Payne, Kennedy & Co. We think that this sum also should be paid to the tutrix. She had a receipt for the sum which she has lost and the loss of which she could prove. The judge of the district court who knew the parties was impressed by the testimony of the tutrix sufficiently at any rate to sustain these claims. There is nothing suggestive of the least insincerity or bad faith on her part.

Now, as relates to another objection to

which we have referred in our statement of facts urged by opponents to the mother's claim for a house constructed on the property of the community while they were minors, on the ground that the tutrix and joint owner with them had no authority or right to add an improvement to the property. We are informed by the testimony that part of the lumber had been procured by the late husband of the tutrix to build the house; she bought other lumber needed and had the house built. We take it that it was a needful improvement; that it improved the property. For years rental was collected from this property for the account of the owners. It is quite true that a usufructuary and part owner of the property cannot as a matter of fancy, or to please his own tastes or inclinations, add valuable improvements to property and claim to be reimbursed at the expiration of the usufruct. In that case the person by whom the buildings are constructed loses them. Here, this is not the case, the building was needed, the late husband of the tutrix had commenced preparations for building it, part of the lumber was on the ground, and nothing suggests that it was not a useful improvement on the place. Under the circumstances, the amount of the claim should be paid.

There is no question of added value to the property. Only a question of costs is presented. We judge that they are a criterion of value. We find no error.

Judgment affirmed.